**TOP MOUNTAIN DEVELOPMENT LIMITED, Patrick Wong, individually and as Trustee, and Lauender Co. Ltd., Plaintiffs–Appellees,**

v.

**HELIX NORTH AMERICA INC., Seasonal Expressions, Inc. and Roger Soler, Defendants–Appellants.**

Docket No. 03–9140.

United States Court of Appeals, Second Circuit.

Dec. 14, 2004.

Mel B. Ginsburg (Gatsby M. Contreras, of counsel), Vernon & Ginsburg, LLP, New York, NY, for Appellant.

Nelson M. Stern, Law Office of Nelson M. Stern, New York, NY, for Appellees.

PRESENT: NEWMAN, SACK, and HALL, Circuit Judges.

## SUMMARY ORDER

Defendants Helix North America Inc., Seasonal Expressions, Inc., and Roger Soler, appeal from the summary judgment decision of the United States District Court for the Southern District of New York (John S. Martin, *Judge*) filed on September 5, 2003, granting plaintiffs Top Mountain Development Ltd., Patrick Wong and Lauender Co. Ltd.'s motion for summary judgment as to all of defendants' counterclaims. *Top Mount Development Ltd. v. Helix North American Inc.*, No. 99 Civ. 2447(JSM), 2003 WL 22070547, 2003 U.S. Dist. LEXIS 15436 (S.D.N.Y. Sept.5, 2003).

Defendants' amended counterclaim alleged twelve causes of action sounding generally in breach of contract, breach of fiduciary duty, and fraud. On appeal, defendants argue that summary judgment was improperly granted because there are triable issues of fact with respect to those claims.

Almost two years prior to obtaining judgment in their favor dismissing the counterclaims, plaintiffs had sought and received summary judgment on certain collection claims asserted in their complaint. One of their substantive claims alleging breach of contract was not resolved by that earlier summary judgment decision and therefore remained subject to trial. *See Top Mount Development Ltd. v. Helix North American Inc.*, No. 99 Civ. 2447(JSM), 2001 WL 1661906, 2001 U.S. Dist. LEXIS 21565 (S.D.N.Y. Dec.28, 2001). Prior to oral argument in this Court, in response to our inquiry, the parties conceded—remarkably—that in light of the undecided claim, even though the issues on appeal had been fully briefed, the judgment appealed from was not final and therefore not appealable. *See* Fed. R.Civ.P. 54(b). At oral argument, however, the plaintiffs stipulated that they waived the undecided substantive claim. The judgment of the district court therefore disposed of all the substantive issues between the parties and rendered the judgment final. *See Atlanta Shipping Corp., Inc. v. Chemical Bank*, 818 F.2d 240, 246 (2d Cir.1987).

We understand additionally that the district court's grant of summary judgment to the plaintiffs without explicit reference to the defendants' request for sanctions to be a clear implicit denial of that request. The district court's decision filed on September 5, 2003, is thus a final and appealable judgment.

Summary judgment is appropriate when the moving party demonstrates that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Although this Court reviews grants of summary judgment *de novo,* construing the record in the light most favorable to the nonmoving party, *Church of Am. Knights of the Ku Klux Klan v. Kerik,* 356 F.3d 197, 203 (2d Cir. 2004), "the existence of a mere scintilla of

**100**

evidence in support of nonmovant's position is insufficient to defeat [a summary judgment] motion; there must be evidence on which a jury could reasonably find for the nonmovant," *Powell v. Nat'l Bd. of Med. Examiners*, 364 F.3d 79, 84 (2d Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

Upon examination of the record in the district court, we agree with the court that there were no triable issues of material fact. The defendants provide no support for any claim beyond the conclusory assertions made in a single affidavit by defendant Soler. Thus, for none of the counterclaims do defendants produce more than a "mere scintilla of evidence." As a matter of law, as the district court concluded, they "are totally without merit." *Top Mount Development Ltd.*, 2003 WL 22070547, at *2, 2003 U.S. Dist. LEXIS 15436, at *6. We have been given no reason to doubt the district court's view that they "were asserted as a tactic to delay the entry of a judgment that would require [d]efendants to pay the amounts due and owing to [p]laintiffs." *Id.*

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.